UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WAYNE WALLACE,

        Plaintiff,

v.                                                                          CASE NO. 05-CV-70728-DT
                                                                            HONORABLE DENISE PAGE HOOD
THE MICHIGAN DEPARTMENT OF
CORRECTIONS, MICHAEL SODERGREN,
CORRECTIONS MEDICAL SERVICES,
LORI KOPKA, MARCIA JENKINSON,
DR. BRADY, and JIM ARMSTRONG,

        Defendants.
_____/

## ORDER DISMISSING THE MICHIGAN DEPARTMENT OF CORRECTIONS AND MICHAEL SODERGREN AND DIRECTING SERVICE ON THE REMAINING DEFENDANTS

**I. Introduction**

      Plaintiff Wayne Wallace, a state prisoner currently confined at the Parr Highway

Correctional Facility (ATF) in Adrian, Michigan, has filed a *pro se* civil rights complaint under

42 U.S.C. § 1983.  The *pro se* complaint seeks declaratory, injunctive, and monetary relief for

allegedly inadequate health care.  The cause of action arose on February 28, 2003, when Plaintiff

slipped and fell on water while working in the kitchen at Gus Harrison Correctional Facility

(ARF) in Adrian, Michigan.  Plaintiff alleges that he injured his knee during the incident.

      Defendants are:  the Michigan Department of Corrections; Michael Sodergren, Assistant

Food Service Director at ARF; Corrections Medical Services, the primary health care service

provider at ATF; Lori Kopka, the Health Unit Manager at ATF; Marcia Jenkinson, an employee

of the Michigan Department of Corrections; Dr. Brady, a physician at ATF; and Jim Armstrong,

a health care administrator for the Michigan Department of Corrections.  Defendant Michael

Sodergren is sued in his official capacity, but the other individual defendants are sued in their

personal and official capacities.

## II.  Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this

action.  When screening an indigent prisoner's civil rights complaint against a governmental

entity, officer, or employee, a federal court must determine whether the complaint, or any

portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted,

or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v.*

*Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A

complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S.

319, 325 (1989).

> Dismissal of a complaint for the failure to state a claim on which relief may be
> granted is appropriate only if it appears beyond a doubt that the plaintiff can
> prove no set of facts in support of his claim that would entitle him to relief.  *See*
> *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996) ("A motion to
> dismiss may be granted under Fed. R. Civ. P. 12(b)(6) 'only if it is clear that no
> relief could be granted under any set of facts that could be proved consistent with
> the allegations.'") (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

*Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's claims against the Michigan Department of Corrections are frivolous and fail

to state a claim because the Eleventh Amendment bars civil rights actions against a state and its

departments unless the state has waived its immunity.  *Will v. Mich. Dep't. of State Police*,  491

U.S. 58, 66 (1989).  Eleventh Amendment immunity "is far reaching.  It bars all suits, whether

for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst*

2

*State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana* 134 U.S. 1 (1890)." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir.) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), *cert. denied*, __ U.S. __, 125 S. Ct. 157 (2004). Furthermore, Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).

Plaintiff's claims against defendant Michael Sodergren likewise are frivolous. State officials cannot be sued in their official capacities for money damages. *Turker v. Ohio Dep't of Rehab. and Corrs.*, 157 F.3d 453, 456 (6th Cir. 1998). Although they may be sued in their official capacities for prospective relief, *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, at 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123 (1908)), Plaintiff has not sought declaratory or injunctive relief from Sodergren. *See* Complt. ¶ 41.

### III. Conclusion

Plaintiff's allegations against the Michigan Department of Corrections and Michael Sodergren lack an arguable basis in law and fail to state a claim for which relief may be granted. Accordingly, the Michigan Department of Corrections and Michael Sodergren are dismissed from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff has stated an arguable claim against the remaining defendants. Accordingly, the United States Marshal is ordered to serve the appropriate papers on Corrections Medical Services, Lori Kopka, Marcia Jenkinson, Dr. Brady, and Jim Armstrong without prepayment of

the costs for such service.  The Marshal may collect the usual and customary costs from Plaintiff

after effecting service.

The Court **ORDERS** Plaintiff to serve a copy of all future documents on the defendants

or on defense counsel if legal counsel represents the defendants.  Plaintiff shall attach to all

original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff

mailed a copy of the original document to the defendants or to defense counsel.  The Court will

disregard any paper received by a district judge or a magistrate judge if the paper has not been

filed with the Clerk or if it fails to include a certificate of service.


       /s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE


DATED:  May 10, 2005

4