UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE WALLACE,

             Plaintiff,                        Case No. 05-CV-70728

vs.

                                       HONORABLE DENISE PAGE HOOD
                                       HONORABLE STEVEN D. PEPE
MICHIGAN DEPARTMENT OF
CORRECTIONS, MICHAEL SODERGREN,
CORRECTIONS MEDICAL SERVICES,
LORI KOPKA, MARCIA JENKINSON,
DR. BRADY, JIM ARMSTRONG,

             Defendants.
_____/

REPORT AND RECOMMENDATION

       Plaintiff filed a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 on February 21, 2005, against the Michigan Department of Corrections ("MDOC"), Michael Sodergren, Corrections Medical Services, Lori Kopka, Marcia Jenkinson, Dr. Darrell Brady and Jim Armstrong. The Prison Litigation Reform Act of 1995 ("PLRA"), which applies to all claims filed after April 26, 1996, requires a prisoner to exhaust all administrative remedies before bringing a federal suit regarding prison conditions. 42 U.S.C. § 1997e(a). This requirement applies to all § 1983 claims that fall under "the definition of a 'civil action with respect to prison conditions' as set forth in 18 U.S.C.A. § 3626(g)(2)." *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999) (footnote omitted) (applying exhaustion requirement to prisoner's equal protection claim). That section provides:

> the term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but

does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. . . .

18 U.S.C.A. § 3626(g)(2).

Pursuant to § 1997e(a), a prisoner may not bring a civil rights action regarding prison conditions unless administrative remedies have been exhausted.  The PLRA provides in pertinent part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has held that the exhaustion requirement must be satisfied, so long as some responsive action is available, even if the relief sought is not available in that grievance process.  *Booth v. Churner*, 532 U.S. 731, 736-40, 740 n.5 (2001).  The Sixth Circuit has recently held that failure to file a grievance against any individual named in a complaint is a failure to show grievance exhaustion and requires dismissal of the suit as to all parties.  *Jones Bey v. Johnson*, 407 F.3d 801 (2005).

### History

Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. §1983 under the Eighth and Fourteenth Amendments, claiming deliberate indifference to a serious medical need and that he was denied pain medication and medical treatment for a knee injury that he sustained while engaged in a prison work assignment.  He also alleges that Defendant MDOC was late with their step III response.[1]  Plaintiff's grievances (ATF-2004-02-0107-12D1, attached to Plaintiff's complaint) fail to grieve any of the individual Defendants named in the complaint.  Applying the total exhaustion requirement as clarified in *Jones Bey v. Johnson*, the failure to file a grievance against the

---

[1] Because this complaint should be dismissed for other reasons, whether his claim against MDOC is a constitutional violation and MDOC's Eleventh Amendment immunity need not be addressed.

individuals requires dismissal against all defendants.

### Recommendation

For the reasons stated above, it is RECOMMENDED that Plaintiff's complaint be dismissed for failure to exhaust administrative remedies. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 18, 2006                                   s/Steven D. Pepe
Ann Arbor, Michigan                                       United States Magistrate Judge

Certificate of Service

I hereby certify that a copy of this Report and Recommendation was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on January 18, 2006.

s/William J. Barkholz
Courtroom Deputy Clerk